## Gilles Desjarlais v. Norma Gilman and Timothy Gilman

[463 A.2d 234]

No. 435-81

Present: Billings, C.J., Hill, Peck and Gibson, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed June 7, 1983

*James W. Coffrin* and *Glen L. Yates* of *Pierson, Affolter &
Wadhams,* Burlington, for Plaintiff-Appellee.

*Richard A. Gadbois,* Enosburg Falls, for Defendants-Appellants.

**Peck, J.** This action arose as a result of a motor vehicle accident in the province of Quebec, Canada, on September 20, 1977, involving a tractor-trailer owned and operated by the plaintiff, and a Chrysler Cordoba owned by defendant Timo-

thy Gilman, and operated by his mother, defendant Norma Gilman. Timothy was not in the Chrysler at the time of the accident. Plaintiff commenced suit against defendants by his complaint filed on August 10, 1979, in the Franklin Superior Court, having previously obtained personal service on defendants on August 9, 1979. The complaint alleged negligent operation of the Chrysler on the part of Norma, and negligence by Timothy in entrusting his automobile to his mother.

Defendants retained counsel to represent their interests, but, for whatever reason, the attorney never filed an answer. Subsequently, on February 1, 1980, plaintiff moved for default judgment, accompanied by an affidavit of military service as to defendant Norma Gilman only. The judgment order was executed by the court and filed on February 15, 1980.

Defendants retained new counsel, and on July 22, 1980, filed a motion to vacate the judgment. By its order dated March 16, 1981, and filed on March 26th, the court granted the motion as to damages but denied it as to liability. A second motion to vacate dated June 2, 1981, filed June 5th, was also denied. Thereafter, the matter came on for hearing on the issue of damages, and judgment in favor of the plaintiff to recover $17,500.00 was dated and filed on September 16, 1981. Defendants filed a timely appeal from the judgment order. We affirm.

Two issues are presented for review: first, whether the trial court erred in failing to vacate the default judgment as to the liability of defendant Timothy Gilman because no affidavit relating to military service was filed with respect to him; and second, whether the trial court abused its discretion in refusing to vacate the default judgment with respect to liability.

V.R.C.P. 55(b)(4) provides that no judgment by default shall be entered until an affidavit is filed by plaintiff or his attorney showing that defendant is not in the military service. Nevertheless, the rule is not a jurisdictional obstacle to a default judgment, cf. *Snapp* v. *Scott,* 196 Okla. 658, 661, 167 P.2d 870, 873 (1946) ; therefore, since the issue has been raised here for the first time it is not necessary that we consider it; ordinarily we will not do so. *Montgomery Ward Co.* v. *Horgan,* 141 Vt. 315, 318, 448 A.2d 151, 153 (1982). However, there is nothing in the record here indicating that Timothy was in service at any material time, and defendants' counsel

acknowledged with proper candor during oral argument that he was not. Accordingly, he was not a person entitled to the protection afforded by the rule or by the so-called Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. App. § 520(4), the federal law which V.R.C.P. 55(b)(4) is designed to implement in this state. In the absence of a showing that defendant was in the military service when the default judgment against him was entered, the judgment will not be vacated for a failure by plaintiff to file an affidavit. *Borrego* v. *Palacio*, 445 S.W.2d 620, 622 (Tex. Civ. App. 1969). There was no error in the trial court's refusal to vacate the default judgment as to defendant Timothy Gilman based on plaintiff's failure to file an affidavit of nonmilitary service applicable to him.

Our holding above on the first issue clears the way for consideration of the remaining question, for had we ruled in favor of defendant Timothy Gilman on the affidavit issue, the claim of an abuse of discretion would have become moot as to him.

■ A motion for relief from judgment brought under V.R.C.P. 60(b)(2) is addressed to the sound discretion of the trial court, and its ruling will not ordinarily be disturbed unless it clearly appears from the record that such discretion was withheld or abused. *Dudley* v. *Snyder*, 140 Vt. 129, 131, 436 A.2d 763, 764 (1981); *Zinn* v. *Tobin Packing Co.*, 140 Vt. 410, 414, 438 A.2d 1110, 1113 (1981).

A judgment by default effectively deprives a defendant of an opportunity to have the merits of his position determined through the normal adversary judicial process. Trial courts should, therefore, in the interests of justice and fairness, be concerned for the consequences to both parties when acting on a 60(b) motion to vacate such a judgment. Particularly is circumspection desirable when the initial fault, at least, appears to be that of a defendant's attorney.

■ We have indicated certain factors as appropriate for the trial court's consideration in formulating discretionary rulings in these cases. Among these concerns: whether the failure to answer was the result of mistake or inadvertence, whether the neglect was excusable under the circumstances, and whether the defendant has demonstrated any good or meritorious defense to the plaintiff's claims. *Kotz* v. *Kotz*, 134 Vt. 36, 41, 349 A.2d 882, 885 (1975).

■ It is well established that neglect on the part of an attorney is not necessarily the determining factor in favor of defendants in default cases. The agency principle of respondeat superior may well be applied and the acts or omissions of the attorney imputed to the client whose agent he is for purposes of the litigation. *Link* v. *Wabash Railroad,* 370 U.S. 626, 633–34 (1962) ; *Dugenske* v. *Dugenske,* 80 Wis. 2d 64, 257 N.W.2d 865 (1977).

■ Further, defendants themselves may be chargeable with neglect. If, as in this case, a defendant is fully aware of a pending suit against him, and entrusts the matter to an attorney to act on his behalf, but thereafter neglects to maintain contact with his agent counsel, or to inquire as to the status and progress of his case, that neglect may likewise be inexcusable. *Howard* v. *Williams,* 40 N.C. App. 575, 253 S.E.2d 571, 573 (1979).

In the instant case, the defendants' original counsel neither entered an appearance nor filed an answer. Defendants, on the other hand, were served with process on August 9, 1979, and although they retained counsel promptly, they did nothing thereafter, as far as the record shows, for over six months when the default judgment was entered against them. They did not maintain contact with their attorney, or otherwise keep themselves current with any progress or developments in the litigation.

The claims of a meritorious defense consisted of little more than conclusory allegations that the accident was the fault of the plaintiff rather than of defendant Norma Gilman, without any factual statements of what defendants expected to prove in support of these bare assertions. Moreover, the claim that the plaintiff's allegation of negligent entrustment against Timothy Gilman would be difficult to prove, while it may have been true enough as a practical matter, and the allegation may, indeed, have been no more than a shotgun strategy by the plaintiff, did not constitute a showing of meritorious defense.

■■ Generally, the rules relating to default judgments should be liberally construed in favor of defendants, and of the desirability of resolving litigation on the merits, to the

end that fairness and justice are served. Nevertheless, given the facts of the case before us as disclosed by the record and outlined above, we hold that, within the broad scope of the trial court's powers, its discretion was not withheld or abused. Accordingly the judgment must be affirmed.

*Judgment affirmed.*