STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Appeal of Jenness & Berrie | } | Docket No. 134-7-04 Vtec |
| | } | |

Decision and Order on Motion to Reinstate Trial Schedule and
Renewed Cross-Motions for Summary Judgment

Appellant-Applicants Frederick L. Jenness and David S. Berrie are represented by Timothy J. O'Connor Jr., Esq. and Elana S. Baron, Esq.; the Town of Dummerston is represented by Robert M. Fisher, Esq., and Interested Persons Judith and Raymond Enello are represented by Walter G. French, Esq. The Court issued a decision on summary judgment in July of 2006 that provided an opportunity for Appellant-Applicants to move to reinstate the trial regarding whether the parcel qualifies for consideration as a pre-existing undersized lot, §601, or whether it must be considered to have merged with another parcel across Stickney Brook Road.

In their August 7, 2006 filing, Appellant-Applicants presented the affidavit of Mr. Silvio Forrett, who appears to have knowledge of the extent of use of Stickney Brook Road as of the time that the Town adopted zoning in 1971. While this affidavit is not specific enough, taken in conjunction with the Lucy affidavit presented by the other parties, to allow the Court to rule in either party's favor on summary judgment, enough information was presented in the affidavit to raise a genuine issue of material fact for trial regarding the extent and use of Stickney Brook Road. In particular, Mr. Forrett specifically referred to traffic generated by construction and sale of homes in the so-called "Jelly Mill Hill" neighborhood, as well as traffic generated by the Jelly Mill itself, around the time the Town adopted zoning. Mr. Forrett also referred to significant seasonal traffic to view waterfalls in the area, around the time the Town adopted zoning. The relative locations of these

features, and therefore whether this traffic did or did not affect the use of properties adjoining the segment of road at issue in the present case, are disputed.

As the Town and Interested Persons renewed their joint motion for summary judgment on the issue of the extent of the use of Stickney Brook Road in 1971, we must give Appellant-Applicants, the nonmoving party, the benefit of all reasonable doubts and inferences in determining whether a genuine material fact exists. Merit Behavioral Care Corp. v. State Independent Panel of Mental Health Providers, 2004 VT 12, ¶ 9. Viewed from this perspective, Mr. Forrett's affidavit demonstrates that the extent of the use of the road in 1971 is a genuine issue of material fact that cannot be resolved on summary judgment. Accordingly the renewed cross-motion for summary judgment is DENIED.

Moreover, Vermont jurisprudence strongly favors the resolution of cases on their merits, Desjarlais v. Gilman, 143 Vt. 154, 158-9 (1983), whether through summary judgment or after a necessary evidentiary hearing. Accordingly, the motion to reinstate this matter for trial is GRANTED. Pursuant to our July 27, 2006 Decision and Order, on or before October 10, 2006, Interested Persons and the Town shall submit by affidavit the costs to be paid by Appellant-Applicants in connection with the reinstatement, together with an order approved as to form by all the parties, or, if any of the costs are contested, notice that the evidentiary hearing will have to include evidence on those contested issues.

We anticipate that the time necessary for the trial will not exceed three hours; it has been scheduled for October 23, 2006, beginning at 1:00 p.m., at the Windham Superior Courthouse in Newfane. (See enclosed Notice of Hearing).

Done at Berlin, Vermont, this 20th day of September, 2006.

_____
Merideth Wright
Environmental Judge

2