STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Bergmann Act 250 Subdivision | } | Docket No. 158-8-05 Vtec |
| (Appeal of Bergmann) | } | |
|  | } | |

Decision and Order on Petitioner Lilienthals' Motions for Relief from Judgment

Petitioners Peter and Tana Lilienthal ("Petitioners" or "the Lilienthals") have moved under V.R.C.P. 60(b) for relief from this Court's April 11, 2006 judgment granting an Act 250[1] permit amendment to Appellant-Applicants Charles and Hermine Bergmann ("Applicants" or "the Bergmanns"). As of the filing of the first motion for relief from judgment on August 17, 2006, Petitioners were represented by Elana S. Baron, Esq.; since September 29, 2006 they have been represented by Robert M. Fisher, Esq., who filed a renewed motion for relief from judgment and other motions. As of the filing of this appeal, Applicants were represented by Stephen R. Phillips, Esq.; since April 20, 2007 they have been represented by Richard D. Perra, Esq. See In re: Bergmann Act 250 Subdivision, Docket No. 158-8-05 Vtec (Vt. Envtl. Ct. Mar. 23, 2007) (Decision and Order on Motion to Disqualify). The Natural Resources Board entered an appearance on October 28, 2005, represented by Melanie Kehne, Esq., but has not taken an active role either on the merits or with regard to the present motions. The Court held an evidentiary hearing on the disputed facts relating to the motion for relief from judgment.

Applicants originally applied in 2003 to the District 2 Environmental Commission (District Commission) seeking an Act 250 land use permit amendment (#2W0611-2) relating

---

[1] 10 V.S.A. Chapter 151.

1

to a subdivision in the Town of Newfane. Petitioners Peter and Tana Lilienthal, as owners of adjoining property, had participated actively in the District Commission proceedings on their own behalf, including submitting a PowerPoint presentation at the June 12, 2003 hearing. They had been granted party status by the District Commission on criteria relating to waste disposal/stormwater, streams, existing water supplies, soil erosion, aesthetics, critical wildlife habitat, and public utilities, as well as on criteria 5 and 7 relating to traffic safety and municipal impacts. They did not seek party status in relation to criterion 9(K) relating to public investments. A District Commission hearing was held on June 12, 2003, at the end of which the District Commission recessed the hearing pending submission of additional information from the Bergmanns. At some time by or about the summer of 2004, the Bergmanns had reduced and/or redesigned their proposed project and submitted it for the District Commission's consideration.

As of the late summer of 2004, at the time of a fire on the Lilienthal property in August of 2004, the Lilienthals were represented by Attorney Theodore C. Kramer on a number of matters unrelated to the Act 250 proceedings, including the fire insurance proceeds, and their wills and estate plan.

As of the late spring and summer of 2005, the Lilienthals were represented by Attorney Theodore C. Kramer on a number of matters unrelated to the Act 250 proceedings, including continuing issues relating to the fire insurance proceeds, an issue relating to a new highway bridge in South Newfane, and a right-of-way for telecommunications and electrical service. At that time and until September 11, 2006, Attorney Elana S. Baron worked in the Kramer Law Offices firm.

On April 1, 2005, the District Commission issued a decision requiring the Bergmanns to submit a design for the project's access road to meet town road specifications. The Bergmanns requested reconsideration, and the Commission scheduled a hearing for May 12, 2005. The day before the hearing, on May 11, 2005, Attorney Baron entered her

appearance on behalf of the Lilienthals, and submitted a letter to the Commission noting her and Attorney Kramer's unavailability for the May 12, 2005 hearing, outlining the Lilienthals' concerns, and requesting that the Lilienthals' prior June 2003 presentation be considered by the Commission in connection with what the letter characterized as the Bergmanns "new proposal." The letter explained about the fire and that it was not an "intentional oversight" that the Lilienthals had failed to resubmit their concerns any earlier.

On July 8, 2005, the District Commission issued its decision denying the permit amendment, finding lack of compliance only with criteria 5, 7, and 9(K), related to the specifications of the access road and its effect on nearby roadways. The District Commission's certificate of service[2] reflects that the Lilienthals and Attorney Baron each received copies of the decision, which included information on how to appeal and the thirty-day appeal time period, with references to the appeals statute (10 V.S.A. Chapter 220 [§§ 8501 et seq.]) and to the Vermont Rules for Environmental Court Proceedings. The Lilienthals and Attorney Baron therefore both had actual notice of the issuance of the District Commission decision. In fact, Attorney Baron and Mr. Lilienthal had conversations with each other shortly after the District Commission decision issued. The Lilienthals did not file an appeal of the criteria on which the District Commission had made a positive finding in favor of the Bergmanns, within the initial time for filing an appeal.

On August 5, 2005, Attorney Phillips filed with the Court a timely Notice of Appeal of the District Commission's decision on behalf of Applicants. With the appeal, he filed a Certificate of Service showing that a copy was mailed on August 4, 2005 to the Lilienthals themselves, as well as to Attorney Baron at the address of Kramer Law Offices, P.O. Box 848, West Dover, VT 05356. This is the mailing address represented on the Kramer Law

---

[2] The Court did not receive the District Commission's decision, including its service list, until the December 7, 2005 motion for summary judgment filed by Applicants.

3

Offices letterhead for the firm's West Dover office, as well as the same mailing address as that used by the District Commission.

The certificate of service also showed that the notice of appeal was sent to be published in the Brattleboro Reformer, a newspaper of general circulation, as required for Act 250 appeals by 10 V.S.A. § 8504(c)(1). It was published in the August 12, 2005 edition of the newspaper.

As appeals from decisions of the district commissions are de novo, when an appeal is filed the Court does not necessarily receive a copy of the decision appealed from, and does not receive an administrative record. Attorney Phillips' certificate of service for the notice of appeal included all the recipients on the District Commission's certificate of service. The District Commission's certificate of service lists the Lilienthals separately from Attorney Baron (and also lists the Bergmanns separately from Attorney Phillips). In fact, it is not apparent from either certificate that Attorney Baron represented or was affiliated with the Lilienthals, nor is it apparent that the Lilienthals had any greater or lesser involvement in the application than any of the other parties who had received the District Commission's decision, none of whom entered their appearance in the appeal in Environmental Court.

The Lilienthals received their copy of the notice of appeal on or about August 5, 2005. As of August 5, 2005 the Lilienthals had actual notice of the filing of the Bergmanns' appeal.

The copy of the notice of appeal mailed to Attorney Baron at the correct address for the firm was not returned as undeliverable; however, Appellant-Applicants do not contest her assertion that it was not in fact received by her.

In the course of talking with Attorney Kramer at an August 19, 2005 meeting regarding other (fire-related) matters, Mr. Lilienthal mentioned to Attorney Kramer that he had received a copy of the Bergmann notice of appeal. Mr. Lilienthal recalls Attorney

4

Kramer as having asked him whether Attorney Baron's name was also on the certificate of service, and as having told Mr. Lilienthal to expect that Attorney Baron would discuss it with him once she had received her copy. As of August 19, 2005, the Kramer Law Offices firm had been put on notice by the Lilienthals of the filing of the Bergmann appeal. Mr. Lilienthal characterized his conversations with Attorney Kramer during that time period as occurring "fairly frequently."

The Lilienthals did not file a cross-appeal of the criteria on which the District Commission had made a positive finding, and did not file an additional appeal on criterion 5 or criterion 7, within the additional time allowed under V.R.E.C.P. 5(b)(2). The Lilienthals did not at that time (or at any time thereafter until October 2, 2006) request additional time from the Court in order to file an additional appeal or cross-appeal, either under V.R.E.C.P. 5(b)(2) or under 10 V.S.A. § 8504(d). The Lilienthals did not at that time (or at any time thereafter until October 2, 2006) seek to enter their appearance in the Bergmann appeal or move to intervene.

On August 22, 2005, the Court staff sent to Attorney Phillips the standard letter sent to appellants in all new appeals, giving the docket number and referring to the Vermont Rules for Environmental Court Proceedings outlining the appellant's responsibilities. The appeals statute that had been in effect since January 31, 2005 had added a requirement that appellants notify the Vermont Natural Resources Board (NRB) that the appeal had been filed; the practice of the Court in new Act 250 appeals was to send an informational copy of the initial letter to the NRB to avoid delay in notification to the NRB, as well as to the municipality in which the project was located. On August 25, 2005, Attorney Phillips filed the statement of questions with the Court, also sent courtesy copies to the NRB and the town, and noted that no parties had yet entered their appearance.

After their August 19, 2005 meeting, Mr. Lilienthal communicated with Attorney Kramer on issues relating to the fire and investigative work relating to the fire. In those

5

conversations or other communications, Mr. Lilienthal did not make inquiry or otherwise follow up with Attorney Baron or Attorney Kramer regarding the August 5, 2005 filing of the notice of appeal, or ask them to make inquiries of the Court regarding the status of the appeal.

On August 31, 2005, the Court scheduled the initial telephone conference in this matter for October 3, 2005, to allow ample additional time for any of the potential parties who had been notified of the filing of the notice of appeal to enter their appearance[3] or to move to intervene as parties in the appeal. No other party entered an appearance. Accordingly, the Court set a schedule for Applicants to submit the merits of their appeal to the Court by motion by December 2, 2005. No party moved to intervene during the two-month period between the conference and the deadline for the memorandum to be filed.

Although no other party appeared, it is not appropriate, even in a de novo case in which no opposing parties appear, for the Court to grant the relief requested by an appellant as if by default. Even in cases in which no party files an opposition to a summary judgment motion seeking approval of a permit, it is not before the Court in the nature of a default judgment. In re: Free Heel, Inc.,d/b/a Base Camp Outfitters, Docket No. 217-9-06 Vtec, slip op. at 1, n. 1 (Vt. Envtl. Ct. Mar. 21, 2007). Rather, the Court must independently examine the material facts, and may only grant the motion if the appellants are entitled to judgment under the applicable substantive law, because the Court is obligated to apply the substantive standards that were applicable before the tribunal appealed from. 10 V.S.A.

_____

[3] V.R.E.C.P. 5(c) gives parties twenty days after the last notice of appeal was filed, to enter their appearance as a matter of course. Beyond that time the rule allows them to enter an appearance by moving to intervene. They do not, as argued in Petitioners' first motion for relief, "lo[se] all party status" by failing to act within the 20 days. In fact, the Court allowed additional time before scheduling the merits of the appeal to be submitted to the Court by summary judgment on December 2, 2005, for parties to apply for party status in the appeal.

§8504(h); V.R.E.C.P. 5(g); see also In re: Outdoors in Motion, Inc., Act 250 Amendment, Docket No. 208-9-06 Vtec (Vt. Envtl. Ct. Dec. 26, 2006) (Durkin, J.) (unpublished entry order).

The Court proceeded to consider the Bergmanns' appeal on its merits on the basis of the materials filed with their motion for summary judgment. The Court issued a decision on April 11, 2006, granting Appellant-Applicants' motion for summary judgment and approving the proposed subdivision on its merits[4]. That decision concluded the matter in this Court, and remanded the matter to the District Commission for it to perform the ministerial task of issuing the amended Land Use Permit #2W0611-2 in accordance with the Court's decision. The District Commission issued Act 250 Land Use Permit amendment #2W0611-2 on June 7, 2006. If that issuance had been an appealable action by the District Commission, the last day for filing such an appeal would have been July 7, 2006.

On July 10, 2006, the Lilienthals filed[5] a purported notice of appeal of the District Commission's issuance of Land Use Permit amendment #2W0611-2, which was assigned Docket No. 158-7-06. The Lilienthals were represented in the 2006 appeal by Elana S. Baron, Esq. In an entry order in the 2006 appeal issued on August 8, 2006, the Court made clear that if the Lilienthals wished "to move to reopen the 2005 appeal," they were "free to do so." In dismissing the 2006 appeal, on August 21, 2006 the Court noted that the issuance of the permit had merely been a ministerial act by the District Commission based on the

---

[4] Such a decision by this Court is not "akin to a default judgment" as argued by Petitioners. Rather, this Court recognizes the "desirability of resolving litigation on the merits." Desjarlais v. Gilman, 143 Vt. 154, 158–59 (1983). This was a decision on the merits, based on the evidence presented by Applicants and assessed according to the applicable Act 250 criteria and burdens of proof.

[5] The South Newfane Baptist Church joined in the 2006 appeal and later withdrew; it did not seek to enter any appearance in the above-captioned 2005 appeal.

7

Court's decision in the 2005 appeal, and denied a motion to stay the permit, reiterating that the purported appellants had not moved to reopen the 2005 case.

On August 23, 2006, four months after the Court's decision was issued on the merits of the 2005 case and two-and-a-half months after the District Commission had issued the Act 250 Permit amendment, Attorney Baron moved in the above-captioned 2005 appeal on behalf of the Lilienthals for relief from judgment under V.R.C.P. 60(b).

However, shortly thereafter, Attorney Baron accepted a position with Attorney Phillips' firm in September of 2006, necessitating a change in the Lilienthals representation to Attorney Robert M. Fisher, who moved to disqualify Attorney Phillips' firm from representing the Bergmanns. Attorney Fisher also renewed the motion for relief from judgment, as well as filing motions to intervene, for party status, and to file a cross-appeal out of time.

After the disqualification issues were resolved, Attorney Perra entered his appearance on behalf of the Bergmanns. A hearing was held to allow the parties to present evidence as to the circumstances of the Lilienthals having failed to enter an appearance or to move to intervene in the appeal between the time it was filed in August of 2005 and the time it was decided by this Court in April of 2006, or to move for relief from judgment between then and August of 2006, and memoranda were filed on the renewed motion for relief from judgment.

Due Process

Petitioners argue that they were deprived of due process because, although they had personally received a copy of the notice of appeal filed by Appellant-Applicants, their attorney at the time, Elana S. Baron, Esq., then with the firm of Kramer Law Offices, P.C., had not in fact received a copy of the notice of appeal, even though her name and address appear correctly on the certificate of service. They argue generally that Rules 5(b)(3) and

8

(4) of the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.) regarding the required notice to potential parties of the filing of the appeal are insufficient to protect their constitutional right to due process.

The latter argument appears to disregard that it is the Consolidated Environmental Appeals statute, 10 V.S.A. §§ 8501, et seq., and in particular § 8504(c)(1), that establishes the notification requirements, and that these notification requirements are at least as extensive as the requirements formerly found within Act 250 and the former Environmental Board Rules. 10 V.S.A. § 6089(a) (1997 and cum. supp. 2004); EBR 40(C), (D). Petitioners cite no cases suggesting that even the former notification requirements violated due process.

The notice requirement in the appeals statute, 10 V.S.A. § 8504(c)(1), simply requires the appellant to notify all parties who had party status at the end of the District Commission proceeding, as well as the NRB and any "friends of the commission," that an appeal is being filed, and to publish that notice in a newspaper of general circulation. See also V.R.E.C.P. 5(b)(4)(B) (carrying out the statutory provision by requiring the appellant to serve a copy of the notice of appeal on the listed potential parties, as provided in V.R.C.P. 5.).

V.R.E.C.P. 5(b)(3) specifies the content of the notice of appeal. It requires the appellant to specify the party taking the appeal; the statutory provision under which that party claims party status; the decision appealed from; the address or location and a description of the property or development with which the appeal is concerned; and the name of the applicant for any permit involved in the appeal. The notice of appeal in the present case fulfilled these requirements.

Neither the statute, 10 V.S.A.§§ 8501 et seq., nor V.R.E.C.P. 5(b)(3) (nor V.R.A.P. 3(d), upon which V.R.E.C.P. 5(b)(3) is based), requires the notice to potentially interested parties of the filing of the appeal to include any additional information. The notice required by the statute and rules, and provided by Applicants, meets the fundamental

9

requirements of due process. <u>Town of Randolph v. Estate of White</u>, 166 Vt. 280, 283–287 (1997).

<u>V.R.C.P. 60(b)</u>

Petitioners also argue that their or their attorney's failure to enter an appearance, to file an additional appeal, or to move to intervene during the pendency of this appeal represents the type of excusable neglect or other reason sufficient to justify relief from judgment under V.R.C.P. 60(b). However, Petitioners have not come forward with evidence of the sort of excusable neglect or injustice[6] that would justify reopening a case under V.R.C.P. 60(b)(1) or (6). Although V.R.C.P. 60(b) is to be liberally construed and applied to prevent . . . injustice," <u>Cliche v. Cliche</u>, 143 Vt. 301, 306 (1983), it should not be applied to relieve a party from tactical decisions or free, calculated, and deliberate choices. <u>Sandgate School District v. Cate</u>, 2005 VT 88, ¶¶ 7–11 , 178 Vt. 625, 626–27 (mem.) and cases cited therein.

Petitioners participated fully in the District Commission proceedings through Mr. Lilienthal. Both they and their attorney received actual notice of the issuance of the District Commission decision, which fully informed them of the time limits for taking an appeal, the required contents of the notice of appeal, and referred them "for further information" to the telephone number, website address, and mailing address of the Environmental Court, mentioning the Vermont Rules for Environmental Court Proceedings.

Petitioners themselves also received the required copy of Appellant-Applicants'

---

[6] Although 10 V.S.A. § 8504(d)(2)(C) also allows the Court to permit an aggrieved person to appeal an act or decision of a district commission if "some other condition exists which would result in manifest injustice if the person's right to appeal was disallowed," that exception only applies to the otherwise-applicable requirement that potential appellants must have participated in the District Commission proceedings in order to be able to file an appeal. However, a similar standard is applied in V.R.C.P. 60(b) analysis.

10

notice of appeal, and brought its existence to the attention of their attorney. Petitioners and their attorney also had record notice of the filing of the appeal through the required publication of the notice of appeal in the Brattleboro Reformer. Even though they had chosen not to file their own appeal, once they knew that the Bergmann appeal had been filed, they could have entered their appearance, could have at that time filed a cross-appeal, or at any time until the Court's April 11, 2006 final decision, could have moved to intervene in the appeal. They did not do so, nor did they or their attorney even telephone the Environmental Court for further information on the Court's procedures or the status of the then-pending appeal.

Given the fact that both the Lilienthals and Attorney Baron had received the District Commission decision laying out the thirty-day appeal period, and that Mr. Lilienthal knew that an appeal had been filed and had mentioned the appeal to Attorney Kramer, it was not reasonable either for Mr. Lilienthal or for Attorney Baron to have taken no further action with regard to the appeal, and not even to have discussed the appeal with each other. At the very least, either of them could easily have telephoned the Environmental Court at some point during the ensuing four months to determine the status of the appeal they were on notice had been filed.

Petitioners chose not to file their own appeal, did not enter an appearance in Appellants' appeal although they knew it had been filed, did not make inquiry as to the status of that appeal, and did not move to intervene during the pendency of that appeal before this Court. They had the advice of counsel available to them; this is not a case of "unconscionable advantage" taken of unrepresented litigants. Id. at ¶9, 178 Vt. at 627.

Moreover, it would result in injustice to Appellant-Applicants to grant a motion (filed initially in August of 2006) to reopen an appeal that had been filed a year earlier (in August of 2005), and had been decided by a final order issued four months earlier (in April of 2006), in light of the fact that Appellant-Applicants had provided all the notice required

11

by the statute and rules, and that no party entered an appearance or sought to intervene during that entire period.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Petitioner Lilienthals' Motion for Relief from Judgment is DENIED (and therefore all other pending motions are DENIED as MOOT), leaving this appeal as concluded by the Court's April 2006 Decision and Order and the District Commission's June 2006 issuance of the amended permit after remand.

Done at Berlin, Vermont, this 12th day of March, 2008.

_____
Merideth Wright
Environmental Judge