STATE OF VERMONT

SUPERIOR COURT                                                    ENVIRONMENTAL DIVISION
Docket No. 114-8-17 Vtec

---

Snyder Group Inc, PUD Final Plat

---

ENTRY REGARDING MOTION

Count 1, Municipal DRB Planned Unit Development (114-8-17 Vtec)

Title:          Motion to Strike City's 3/20/18 Opposition Memorandum to Applicant's Motion for Summary Judgement (Motion 3)

Filer:          William Gilbert, Maurene Gilbert, Louise Kleh, Michael Scollins, Mary Scollins, Robert Skiff, Marley Skiff, and the Pinnacle at Spear Homeowners Association

Attorney:       Daniel A. Seff

Filed Date:     March 22, 2018

Response filed on 04/06/2018 by Attorney Amanda S. E Lafferty for the City of South Burlington
Reply in support of motion filed on 04/16/2018 by Attorney Daniel A. Seff for Appellants

**The motion is DENIED.**

In this appeal, neighbors William Gilbert, Maurene Gilbert, Louise Kleh, Michael Scollins, Mary Scollins, Robert Skiff, Marley Skiff, and the Pinnacle at Spear Homeowners Association (together, "Neighbors") object to the final plat approval for a planned unit development ("PUD") issued by the City of South Burlington Development Review Board ("DRB") to Snyder Group, Inc. ("Applicant") for the proposed development on a combined 26.15± acres with a total of 48 dwelling units contained in a mixture of single family dwellings, 3-unit multi-family dwellings, and 2-unit dwellings. The development is proposed for combined properties located at 1302, 1340, and 1350 Spear Street, located in the Southeast Quadrant Neighborhood Residential Zoning District ("SEQ-NR District")

Neighbors filed their Statement of Questions on September 18, 2017; their Statement contains five general Questions with many sub-questions.[1] The first four Questions, and all of their respective sub-questions, challenge the constitutionality, validity, or enforceability of a provision of the Land Development Regulations of the City of South Burlington ("Regulations") that allows for the transfer of development rights ("TDR") as a vehicle for a developer being allowed to increase the density for a proposed development by acquiring the development rights of an adjacent parcel in any zoning district, or a non-adjacent parcel in the SEQ-NR District, and

---

[1] In total, Neighbors Statement of Questions contains 37 Questions and sub-questions.

transferring those development rights to or for the benefit of the City of South Burlington. Regulations §9.13(C)(1)(a).

Now pending before the Court are competing motions for summary judgment, one filed on behalf of Applicant and the other filed on behalf of Neighbors. Those parties have filed responsive memoranda to each pending motion, and well as reply memoranda supporting their respective original motions. All filings concerning Applicant's summary judgment motion have been completed and that motion is now ripe for determination. The Court has begun its efforts to review the parties' pleadings, conduct its own research, and complete the drafting of a decision.

The City of South Burlington ("City") has also responded to Neighbors' summary judgment motion with an opposition memorandum, filed with the Court on March 20, 2018. In response, Neighbors filed a motion to strike the City's opposition memorandum and the City's response to Neighbors' Statement of Undisputed Facts. We solely address Neighbor's motion to strike in this Entry Order.

Neighbors' motion to strike is premised upon the City's violation of this Court's February 28, 2018 Scheduling Order, directing that any memoranda in opposition to a summary judgment motion and statement of material facts be filed by March 12, 2018. In fact, that directive was contained in the Court's Second Amended Scheduling Order, issued at the request of the City and consented to by Neighbors and Applicant. The Court's original Scheduling Order, filed November 8, 2017, directed that opposition memoranda be filed by February 16, 2018. Each of the three issued filing extensions appear to have been requested by the City. However, the City finally filed its opposition memorandum and response to neighbors' Statement of Undisputed Facts eight days after the final Scheduling Order deadline, on March 20, 2018.

Neighbors cite to various precedent, all of which relies upon the general concept that "procedural rules are devices to ensure fairness, uniformity and regularity of treatment to all litigants before the courts, and to be meaningful, they are to be enforced." <u>Valley Land Corp., et. al. Final PUD Application</u>, No. 92-7-17 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sept. 20, 2017) (Durkin, J.) (quoting <u>In re Verizon Wireless Barton Permit</u>, 2010 VT 62, ¶ 21, 188 Vt. 262) (internal quotes omitted).[2]

In the pending appeal, the parties present a fascinating and somewhat complex set of legal issues concerning the constitutionality, validity and enforceability of the somewhat unique TDR provisions in the Regulations. In one sense, four of the five general Questions that Neighbors present in their Statement of Questions pose direct challenges to the City's regulatory provisions, rather than Applicant's satisfaction of those provisions. We believe that consideration of the

---

[2] The Court notes that <u>Valley</u> addressed issues broader than a filing being late. In <u>Valley</u>, the Court addressed the issue of a motion to allow a late-filed appeal and a competing motion to dismiss the appeal, due to the late filing. In that regard, <u>Valley</u> raised a somewhat different issue than the case at bar, because the <u>Valley</u> decision centered upon whether the Environmental Division had jurisdiction to hear the appeal, given that the notice of appeal was filed six days late. In denying the appellants' motion to allow the appeal and granting the applicant's motion to dismiss it, we relied upon the precedent of <u>In re Gulli</u>, where our Supreme Court noted that "[f]ailure to file a timely notice of appeal brought under [24 V.S.A.] § 4471 deprives the environmental court of jurisdiction over that appeal." 174 Vt. 580, 583 (2002). Thus, the controlling issue in <u>Valley</u> was note simply that a filing was late, but rather that because of that tardy filing, the Court was without jurisdiction to entertain the appeal.

arguments presented by the City will assist the Court in a full appreciation of the legal analysis necessary to resolve the legal issues presented by both the Applicant's and Neighbors' motions.

The City correctly notes that we are directed, whenever possible, "to resolve litigation 'on the merits, to the end that fairness and justice are served.'" In re Union Bank Act 250 Application (Jeffersonville), No. 7-1-12 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Apr. 1, 2013) (quoting Desjarlais v. Gilman, 143 Vt. 154, 158–59 (1983)); see also Shahi v. Ascend Fin. Servs., Inc., 2006 VT 29, ¶ 3 n.*, 179 Vt. 434 ("Because due process favors decisions on the merits, we are reluctant to overturn a trial court's decision to allow a late filing.") (citing Dougherty v. Surgen, 147 Vt. 365, 366 (1986)).

In the present appeal, the City does not dispute that its filings were eight days late, and while its counsel offers some explanation for why the City 's filings were untimely, we do not conclude that those explanations rise to the level of excusable neglect, especially when considering the failure to timely file a request for a further extension of time when it became apparent that the City's opposition memorandum would not be timely filed.

Nonetheless, when we focus on the important goals of resolving this litigation on the merits, with an eye towards fairness and the service of justice, we conclude that we should have the benefit of reviewing the City's opposition materials. We therefore **DENY** Neighbors' motion to strike, and impose the following conditions:

First, pursuant to their request, Neighbors shall have fourteen additional days, or until **Wednesday, September 12, 2018,** to file any further reply to the City's opposition memorandum and challenge to Neighbor's Statement of Undisputed Material Facts. Applicant may, if it wishes, have that same additional time to file any reply to the City's opposition to Neighbors' summary judgment motion. We note, however, that the parties should refrain from addressing legal issues solely raised in Applicant's summary judgment motion, since that motion is now under advisement.

Second, we caution the City, and all other parties, that as filing deadlines approach, they should insure that filings are timely made. When accomplishing that goal is impossible, they should confer with the other parties and file any necessary extension stipulations or requests before the filing deadline expires. However, we further note that as this appeal ages, the parties should not assume that the Court will grant further extension requests.

**So Ordered.**

Electronically signed on August 29, 2018 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:
Daniel A. Seff (ERN 1514), Attorney for Appellants William Gilbert, Maurene Gilbert, Louise Kleh, Michael Scollins, Mary Scollins, Robert Skiff, Marley Skiff, and the Pinnacle at Spear Homeowners Association;
Matthew B. Byrne (ERN 2486), Attorney for Appellee/Applicant Snyder Group, Inc.; and
Amanda S. E Lafferty (ERN 5113), Attorney for the City of South Burlington.