# Edward S. Alexander v. Jean Luc Dupuis and Blandine Dupuis

[435 A.2d 693]

No. 382-79

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed September 1, 1981

*May and Davies*, Barton, for Plaintiff.

*Black & Plante, Inc.*, White River Junction, for Defendants.

**Hill, J.** Parties to this dispute are adjoining landowners. They had a common predecessor in title. Plaintiff received his land directly from that predecessor whereas defendants bought their parcel from an intervening owner. Parties apparently dispute where the boundary lies between their properties, and plaintiff brought an action in 1973 claiming that defendants were trespassing on his land. From a judgment granting plaintiff an injunction and damages, defendants appealed.

During the pendency of that appeal, defendants filed a motion for relief from judgment pursuant to V.R.C.P. 60(b). We accordingly remanded the entire matter to the lower court for determination of the motion. Defendants are here appealing the denial of that motion by the trial court. We affirm.

The motion was entitled, "Motion of fraud and Newly Discoidred [*sic*] evidence under Rule 60(B)." It was prepared by defendants without the help of an attorney. The lower court denied the motion without an evidentiary hearing on the ground that it was "premised upon allegedly excusable neglect, newly discovered evidence and fraud, and not having been filed within one year after judgment was entered as required by Rule 60(b), V.R.C.P."

Defendants have briefed three arguments for our consideration. The first is that the lower court should have held an evidentiary hearing to determine whether there were facts to bring the motion within the purview of V.R.C.P. 60(b)(6), which does not have the one year limitation.

Rule 60(b) provides, in part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse

party; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

■ We held in *Brown* v. *Tatro,* 136 Vt. 409, 411, 392 A.2d 380 (1978), that, "[u]nder V.R.C.P. 60(b), motions for relief from final judgment, on *any* ground, must be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year from entry of judgment. The one year bar is an absolute one where it applies . . . ." Defendants concede that if the motion pertained only to reasons (1), (2), and (3) of Rule 60(b) it was untimely filed.

■ Relief under V.R.C.P. 60(b)(6) is available only when a ground justifying relief is not encompassed within any of the first five classes of the rule. *United States* v. *Cirami,* 563 F.2d 26, 32 (2d Cir. 1977). In addition, such relief only can be granted when proper grounds indicating justification are stated with particularity. *Id.*; V.R.C.P. 7(b). The trial court examined the motion and the grounds advanced in support of it, and concluded that those grounds were within the scope of class (2) and (3) of Rule 60(b). As such, the one year time limit was held to be applicable.

■ Relying on *McKinney* v. *Boyle,* 404 F.2d 632 (9th Cir. 1968), *cert. denied,* 394 U.S. 992 (1969), defendants contend the motion should have been viewed as encompassing a complaint of fraud against a third party, thus falling outside the scope of V.R.C.P. 60(b)(3). The third party in this case, apparently, is the person who directly conveyed the land to defendants while making certain assurances about boundary lines.

During the course of the original action, defendants initiated a third party action against their grantor for damages sustained by them adjusting for the difference of acreage guaranteed in the warranty deed and the ultimate acreage as determined by the courts. Prior to the hearing in plaintiff's complaint, however, the third party action was dismissed by stipulation. The complaint in support of the V.R.C.P. 60(b) motion makes absolutely no mention of

reviving that action, even if it were possible, nor does the complaint make any allegation of third party impropriety. Consequently, defendant's argument is unpersuasive.

Defendants contend, however, that they are deficient in speaking, writing and understanding our language, and that we should therefore liberally construe the motion in their favor. They draw our attention to *Dioguardi* v. *Durning*, 139 F.2d 774 (2d Cir. 1944). Our review of the motion, however, based upon the most liberal construction possible, still does not disclose assertions sufficient to bring it under clause (6).

Defendants claim that they were denied due process of law when a full hearing on their motion was refused. When a motion on its face sets up facts which, even if proved, would lead to a denial of the motion, there has been no violation of due process. Such is the case here.

Lastly, defendants claim that the trial court should have construed their pro se motion as an independent action for equitable relief even though not timely filed under Rule 60(b). This ground is raised here for the first time. We reiterate our rule that claimed errors not raised below cannot be heard on appeal. *Kalakowski* v. *John A. Russell Corp.*, 137 Vt. 219, 226, 401 A.2d 906 (1979).

*Judgment affirmed.*