2012 VT 5

**Philip C. PIERCE and Patricia J. Pierce v. Tristan VAUGHAN, Grace Zambon and Northland Specialties, Inc.**

[44 A.3d 758]

No. 11-010

¶ 1. January 24, 2012. This case raises the question of whether a court may grant a motion for relief from a default judgment under the omnibus clause of Vermont Rule of Civil Procedure 60(b) beyond the one-year limitations period for mistake or inadvertence where the parties involved reached a separate agreement after the default judgment had entered. Because the default judgment was entered due to mistake or inadvertence and the subsequent agreement did not relieve the moving party of the burden to seek relief from the judgment, we conclude that the trial court's grant of relief under the omnibus clause was in error. Therefore, we reverse.

¶ 2. On March 31, 2006, defendants Tristan Vaughan and Grace Zambon purchased all outstanding shares of defendant Northland Specialties, Inc., from plaintiffs Philip and Patricia Pierce. The purchase price was $175,000, of which $30,000 was borrowed from plaintiffs and the remainder paid at closing. Under the terms of the promissory note, defendants would repay the $30,000 in three installments, due annually on the first day of April.

¶ 3. In February 2007, plaintiffs filed suit against defendants. The complaint alleged that defendants had entered into a verbal agreement in the month following the sale of the business. According to the complaint, Vaughan and Philip Pierce had met and inventoried materials and hardware that was located at Northern Specialties' place of business. Defendants then allegedly agreed to buy a specified list of materials and hardware for $20,000, with payments to be made over time as the materials were used. The complaint also alleged another verbal agreement according to which Philip Pierce would be paid for labor — twenty-five dollars per hour and sixty dollars per unit installed — provided after the transfer of the business. The suit alleged that defendants had failed to make any payments under either of these verbal agreements and therefore owed plaintiffs $20,000 for breach of contract and double damages of $4980 for unpaid wages.

¶ 4. On April 1, 2007, the first payment of $10,000 came due on the promissory note. Defendants were not able to make

this payment on time, nor did they communicate with plaintiffs regarding when the payment would be made.

¶ 5. On April 3, 2007, plaintiffs' counsel filed a motion for default judgment. Seven days later, on April 10, 2007, Grace Zambon prepared a response to the complaint, captioned "Response to summons against Northern Specialties, Inc., Grace Zambon & Tristan Vaughan." This document was received by plaintiffs' attorney but was not filed with the court. The response denied agreeing to purchase materials and alleged in response that plaintiffs owed defendants $5000 for a disparity between the equipment paid for and received under the original stock purchase agreement. Defendants acknowledged the outstanding wages owed to Philip Pierce. Accordingly, the response proposed that Northern Specialties pay Philip Pierce his unpaid wages and that $5000 be credited against the $10,000 payment owed on the promissory note. A subsequent affidavit states that defendants prepared and sent a check for the wages that were owed and that this check was never cashed.

¶ 6. Plaintiffs' attorney allegedly "interpreted this documents [sic] as an offer to settle." Despite the response, he moved forward with a motion for default judgment, filing a missing affidavit on April 26 and a new proposed judgment order on May 3. On May 9, 2007, the Caledonia Superior Court entered a default judgment in favor of plaintiffs.

¶ 7. On June 4, 2007, plaintiffs filed a second suit against Vaughan and Zambon, this time to recover the balance of the purchase price under the original stock purchase agreement. After exchanging settlement offers, the court ordered mediation, and, while at mediation in January 2008, plaintiffs and defendants reached a settlement agreement. The settlement agreement provided for three installment payments whereby defendants would repay the full $30,000 owed on the note, plus interest. Paragraph 4 of the settlement agreement provided: "Defendants specifically relinquish any claims against Plaintiffs in connection with or arising out of the purchase of Northland Specialties, Inc." An addendum to this paragraph stated: "The parties agree that Para. 4 shall not be construed so as to preclude the defendants from being able to raise whatever defenses they may have to plaintiffs['] claims in any other actions between the parties." As plaintiffs' attorney explained, "The purpose of the amendment is to recognize . . . that signing that mediation agreement was not going to prevent them, if they, in fact, chose to do so, from filing a subsequent motion to set aside the default [judgment]."

¶ 8. Roughly three years later, on May 5, 2010, plaintiffs filed a motion for trustee process in order to collect on the default judgment entered in the first lawsuit. In response, defendants filed a Rule 60(b) motion seeking relief from the default judgment. On December 6, 2010, the superior court held a hearing on this motion and granted the relief from judgment as sought by defendants. On February 22, 2011, we granted plaintiffs permission to take this interlocutory appeal pursuant to V.R.A.P. 5(b)(1).

¶ 9. On appeal, the question is whether the trial court abused its discretion in granting the Rule 60(b) motion. As we have repeatedly stated, "A motion for relief from judgment under V.R.C.P. 60 is addressed to the discretion of the trial court, and is not subject to appellate review unless it clearly and affirmatively appears from the record that such discretion was withheld or otherwise abused." *Waitt v. Waitt*, 137 Vt. 374, 375, 406 A.2d 395, 396 (1979) (per curiam); see also *Greenmoss Builders, Inc. v. Dun & Bradstreet, Inc.*, 149 Vt. 365, 368, 543 A.2d 1320, 1322 (1988); *R. Brown & Sons, Inc. v. Int'l Harvester Corp.*, 142 Vt. 140, 143, 453 A.2d 83, 85 (1982). Here, defendants

rely on Rule 60(b)(6),[1] which is an omnibus clause providing that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment." We have stated "that relief from judgment under V.R.C.P. 60(b)(6) is, by its very nature, invoked to prevent hardship or injustice and thus is to be liberally construed and applied." *Cliche v. Cliche*, 143 Vt. 301, 306, 466 A.2d 314, 316 (1983).

¶ 10. Although Rule 60(b)(6) is to be liberally construed, it is not intended to be used as a substitute for one of the first five subsections of V.R.C.P. 60(b). "Relief under V.R.C.P. 60(b)(6) is available only when a ground justifying relief is not encompassed within any of the first five classes of the rule." *Alexander v. Dupuis*, 140 Vt. 122, 124, 435 A.2d 693, 694 (1981). An important reason that 60(b)(6) should not be allowed to encompass grounds for relief that fall under the other sections of 60(b) is that motions seeking relief under clauses (1), (2), and (3) require that the motion be filed "not more than one year after the judgment, order, or proceeding was entered or taken." V.R.C.P. 60(b). If clause (6) were permitted to encompass

grounds for relief that fall under clause (1), (2), or (3), then it would supply a backdoor to circumvent the one-year time limit. See *Perrott v. Johnston*, 151 Vt. 464, 466, 562 A.2d 459, 460-61 (1989) (finding untimely a 60(b)(6) motion where appellant's claim to relief actually fell under clause (3)); *Olde & Co. v. Boudreau*, 150 Vt. 321, 323-24, 552 A.2d 793, 794-95 (1988) (denying 60(b)(6) relief where the plaintiff might have moved for relief under 60(b)(1)); *Levinsky v. State*, 146 Vt. 316, 317-18, 503 A.2d 534, 536 (1985) (per curiam) (denying untimely 60(b)(6) motion because it properly fell under clause (3)); *Alexander*, 140 Vt. at 124, 435 A.2d at 694 (denying 60(b)(6) relief after the one-year limitations period had expired because the claims for relief fell "within the scope of class (2) and (3) of Rule 60(b)").

¶ 11. In this case, defendants' basis for relief from the judgment most naturally falls within clause (1), which covers "mistake, inadvertence, surprise, or excusable neglect." V.R.C.P. 60(b). Defendants attempted to respond, somewhat belatedly, to the claims brought against them, but they failed to file this response with the court, resulting in the default judgment. This failure to respond properly despite making an effort — albeit inadequate — might have warranted a court to exercise its discretion under clause (1) and relieve defendants of the default judgment against them. The mistake was admittedly compounded by plaintiffs' attorney's decision to go ahead with a default judgment motion without notifying the court of defendants' effort to respond. As the court in the Rule 60(b) hearing remarked to plaintiffs' attorney, "I'm not saying you had an obligation to do that but in terms of basic fairness in dealing with pro se litigants, it might have been the better course if that [response] had been sent into the Court."[2] Thus, the

---

[1] In the trial court, defendants also sought relief under V.R.C.P. 60(b)(5). Defendants have not pursued this argument on appeal, and we therefore need not address it here. See *State v. Settle*, 141 Vt. 58, 61, 442 A.2d 1314, 1315 (1982) ("[I]n all but a few exceptional instances, matters which are not briefed will not be considered on appeal."). And, in any event, Rule 60(b)(5) does not appear to be the appropriate avenue for relief in this case. See *Boisselle v. Boisselle*, 162 Vt. 240, 244, 648 A.2d 388, 390 (1994) (endorsing an Arizona court's conclusion that " 'where the final judgment is an award of money, Rule 60(b)(5) would not be applicable' " (quoting *Lloyd v. Lloyd*, 533 P.2d 684, 685 (Ariz. Ct. App. 1975))).

[2] It is doubtful that this circumstance rises to the level of "misconduct of an

natural grounds upon which defendants might have sought relief from the default judgment via Rule 60(b) were subject to a one-year limitations period, which had long since run by the time defendants in fact filed the motion. Clause (6) cannot be used to escape this untimeliness.

¶ 12. The actual basis for the trial court's decision to grant the Rule 60(b) motion is not entirely clear from the record. The judge did not issue a written explanation of his decision to grant the motion, and the transcript of the motion hearing offers only hints.[3] Apparently, the court's decision was based on the terms of the mediation agreement. After plaintiffs' attorney drew the court's attention to cases holding that Rule 60(b)(6) cannot be used to avoid the limitations period on clauses (1) through (3), the following exchange took place between plaintiffs' attorney and the court:

> COURT: Do either of those cases, Mr. Koppenheffer, have a mediation agreement which specifically addresses that subject?

---

adverse party" under clause (3), but, even if it did, such a claim would also be precluded by the one-year time limit. See V.R.C.P. 60(b)(3).

[3] Although we have relied upon our best understanding of the rationale of the trial court, we do not believe that the court's explanation was sufficient under our decisions. See *Goshy v. Morey*, 149 Vt. 93, 99, 539 A.2d 543, 547-48 (1987) ("[T]he decision must state such findings and conclusions as will enable us to determine the basis for the decision and to show how the court has used its discretion."); *Alexander*, 140 Vt. at 124, 435 A.2d at 694 (stating that Rule 60(b)(6) relief "only can be granted when proper grounds indicating justification are stated with particularity"). Without any precise statement of the court's reasoning, it is difficult to discern whether the court exercised its discretion appropriately.

> ATTORNEY KOPPENHEFFER: No, of course not.
>
> COURT: I suspect that the Supreme Court might see this as a somewhat different situation.

From this exchange, we infer that the trial court's decision was based on its determination that the mediation agreement specifically addressed the subject. Because the addendum in the mediation agreement was — as plaintiffs' attorney admitted — specifically designed to allow defendants to make a motion to set aside the default judgment, the court considered the present case to be distinguishable from those cases holding that clause (6) cannot be used in place of clause (1), (2), or (3). After all, a subsequent agreement by the parties to leave open a dispute is an equitable consideration not covered by clause (1), (2), or (3).

¶ 13. Assuming this was the reasoning behind the court's decision, we find it to be without basis in this case. The addendum in the settlement arrived at during mediation left open defendants' right to advance defenses in other lawsuits, presumably including one such as this one. The plain language makes clear that the agreement — in particular, its fourth paragraph — would not be interpreted to preclude defendants from raising defenses in other lawsuits. See *Downtown Barre Dev. v. GU Mkts. of Barre, LLC*, 2011 VT 45, ¶ 9, 189 Vt. 637, 22 A.3d 1174 (mem.) ("When interpreting a contract we will only stray from plain language where the terms are unclear or ambiguous."). This was not an agreement to relieve defendants of the default judgment against them; nor was it an agreement to excuse the limitations period for seeking relief from that judgment. Although the addendum may well have been intended to ensure that defendants would have certain rights *if* they were granted Rule 60(b) relief, it did not assure them

the right to relief pursuant to the rule. Consequently, we find no support for the trial court's decision to grant defendants' motion under Rule 60(b)(6).

*Reversed.*

Motions for reargument and to dismiss denied March 5, 2012.