*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-006

APRIL TERM, 2015

In re K.B., Juvenile                }     APPEALED FROM:

}

}     Superior Court, Windham Unit,

}     Family Division

}

}     DOCKET NO. 31-3-12 Wmjv

Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Mother appeals from the denial of her motion to set aside a decision to terminate her parental rights (TPR) based on her claims of ineffective assistance of counsel. We affirm.

On April 28, 2014, the family division of the superior court terminated mother's parental rights with respect to her daughter, K.B., who was born in March 2011 and had been in the custody of the Department for Children and Families (DCF) since March 2012. Mother's attorney filed a notice of appeal of the termination order on behalf of mother on May 22, 2014. Five days later, mother filed with the family court a pro se letter in which she stated, among other things, that she was requesting an appeal because of the ineffective representation that she received from her two attorneys during the CHINS proceedings. The family court responded to the letter on a motion-reaction form stating that the case was already on appeal. On appeal, we agreed with mother that her letter could have been construed as a motion to set aside the judgment under Vermont Rule of Civil Procedure 60(b); accordingly, we remanded the matter to the family court to consider the motion as such.

On remand, the family court appointed substitute counsel for mother, and the parties filed opposing memoranda on mother's Rule 60(b) motion. The family court gave mother fifteen days to respond to the State's and K.B.'s opposition to her motion, at which point it would "review all of the filings, and either make a decision based on them or set the matter for a hearing." In response, mother argued that her ineffective-assistance-of-counsel claims should be evaluated under the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984) for criminal cases. She asserted that certain enumerated actions by her attorneys in the CHINS proceedings denied her adequate assistance of counsel. She asked the court to decide whether she could bring ineffective-assistance-of-counsel claims in a TPR proceeding. If the court decided that she could bring such claims in a TPR proceeding, mother asked the court to either schedule an evidentiary hearing or determine that the issue must be part of mother's direct appeal to this Court from the termination order.

In a written decision issued on November 17, 2014, the family court denied mother's Rule 60(b) motion without holding an evidentiary hearing. After noting that this Court has not yet determined whether ineffective-assistance-of-counsel claims can be brought in TPR proceedings, the family court reviewed mother's allegations under the Strickland standard. The

court determined that an evidentiary hearing was unnecessary because mother's general allegations amounted to nothing more than her disagreement with certain trial strategies and her dissatisfaction with the legal process. The court noted that the only specific allegation made by mother was that her trial attorney failed to call her mother to testify. The court cited several legitimate grounds for not calling the maternal grandmother to testify, including the grandmother's difficult relationship with mother and desire to adopt K.B. The court—the same trial judge who proceeded over the TPR proceeding—also rejected mother's general allegations of her trial court attorney's unpreparedness, stating that the attorney showed no signs during the TPR hearing of being unprepared. Finally, the court determined that mother had failed to make a persuasive argument that any prejudice resulted from her attorneys' representation. The court concluded that even if none of the ineffective actions of counsel alleged by mother had occurred, the outcome of the TPR hearing would have been the same because the primary basis for terminating her parental rights was the stipulated CHINS finding that K.B. was badly bruised as an infant in mother's custody and that mother failed to take steps necessary to be able to resume her parental duties over the following two years.

On appeal, mother argues that this Court's remand to the family court was rendered "an empty exercise" for two reasons. First, mother claims that her new attorney did not address mother's claims of abusive treatment and intimidation by her prior attorneys and failed to provide any factual development of her claims even though the family court had indicated to the parties that it might decide the matter without a hearing. Second, mother argues that the family court failed to follow this Court's mandate and allowed mother's new counsel to effectively abandon all of mother's claims by deciding the case without development of a factual record. The State and K.B. assert that the trial court committed no error and ask us to affirm the court's decision.

We discern no basis to overturn the family court's decision denying mother's Rule 60(b) motion. While holding an evidentiary hearing was certainly a possibility on remand, we did not presume the necessity of an evidentiary hearing when we remanded the matter "for consideration of mother's motion." Thus, the family court did not fail to follow this Court's mandate when it decided mother's motion without holding an evidentiary hearing. We also reject mother's assertion that the family court effectively allowed her new attorney to abandon all of mother's claims. The attorney stated all of mother's allegations, most of which were—as the family court pointed out—nonspecific claims of ineffectiveness and unpreparedness. The attorney sought either an evidentiary hearing before the family court on those claims or a determination that the claims should be adjudicated before this Court. As it turned out, the family court found no basis to hold an evidentiary hearing because: (1) most of mother's nonspecific allegations concerned trial strategy generally not susceptible to reevaluation in hindsight; (2) the one specific allegation involved a strategy that plainly did not fall below a reasonable standard of competence; and (3) in any event, there was no showing of prejudice because none of the allegations undercut the basis for the termination decision—the stipulated CHINS findings concerning K.B.'s significant bruising when she was removed from mother's care and mother's failure to do what she needed to do to be in a position to resume her parental rights within a reasonable period of time from the perspective of the child, who had spent two-thirds of her young life in DCF custody. See Alexander v. Dupuis, 140 Vt. 122, 125 (1981) (rejecting argument that trial court's failure to hold hearing on Rule 60(b) motion resulted in denial of due process because that facts stated in motion, "even if proved, would lead to a denial of the motion").

Mother acknowledges the "inescapable conclusion" that her allegations on the current record could not survive the Strickland standard, but provides no proffer indicating that further

2

factual development could have demonstrated either ineffective assistance on the part of mother's trial attorneys or prejudice to mother from her attorneys' alleged errors. We will not presume that mother's new attorney could have produced evidence that would have compelled the family court to hold an evidentiary hearing. The attorney stated mother's allegations and requested an evidentiary hearing to consider them. For the reasons stated above, the family court properly denied the request for a hearing.[*]

Mother complains that the new attorney did not elaborate on allegations of abusive treatment and intimidation raised in mother's original Rule 60(b) letter. That letter was part of the record before the family court on remand. Mother stated in the letter, among other things, that one of her former attorneys: (1) became hostile and frustrated at a meeting prior to the TPR hearing when mother was not willing to relinquish her parental rights voluntarily; (2) warned her on the morning of the TPR hearing of the possibility that she could be criminally charged with child abuse if she testified at the hearing; and (3) told her several months after the TPR hearing that if she had another child the State would take the child from her right away. The first and third allegations, even if true, do not provide a reason to reopen the termination proceedings. They relate to the way counsel communicated advice to mother, but have nothing to do with the evidence presented to the court in the TPR hearing or the outcome of that hearing. The second allegation involves trial strategy as to whether mother should testify. Even if this allegation is true, mother makes no proffer that her attorney would not have a reasonable basis for advising her concerning the possibility of a criminal charge in the context of discussing the potential consequences of her testifying, where the facts of the case—a CHINS stipulation that K.B. was badly bruised while in her mother's care when she came into DCF custody—could conceivably lead to a charge of child abuse. In short, the family court did not err in denying mother's Rule 60(b) motion without a hearing based on the parties' submissions.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

---

[*] We do not here decide whether ineffective assistance of counsel may be a basis for a Rule 60(b) challenge to a TPR decision. We merely hold that even if it is, mother has failed to show ineffective assistance. See In re K.F., 2013 VT 39, ¶ 22, 194 Vt. 64 ("[W]e do not decide in this case whether a parent in a TPR case has a statutory or constitutional right to challenge the effectiveness of counsel because we conclude that even if such a challenge can be brought, and even accepting for the sake of argument father's allegations about counsel's shortcomings, father in this case cannot meet the Strickland standard.").

3