NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2023 VT 23

No. 22-AP-154

| | |
|---|---|
| Sharond Hill | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windsor Unit, |
| | Civil Division |
| | |
| Springfield Hospital and Emergency Services of New England, Inc. | November Term, 2022 |

Robert P. Gerety, Jr., J.

David I. Schoen of Law Office of David I. Schoen, Brownsville, for Plaintiff-Appellee.

Ian P. Carleton and Hannah C. Waite of Sheehey Furlong & Behm P.C., Burlington, for
  Springfield Hospital, and Curtis L.S. Carpenter and P. Baird Joslin of O'Connor,
  O'Connor, Bresee & First, P.C., Burlington, for Emergency Services of New England,
  Defendants-Appellants.

PRESENT:  Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.


¶ 1.  **CARROLL, J.**    In this interlocutory appeal, defendants challenge the civil division's order granting plaintiff's request to vacate its previous order dismissing her complaint. We agree that there was no legal basis for the court to grant such relief, and therefore reverse.

¶ 2.    In February 2019, plaintiff Sharond Hill filed a complaint against defendants Springfield Hospital (Springfield) and Emergency Services of New England, Inc. (Emergency Services) in the civil division, alleging that defendants were negligent in failing to timely diagnose her with appendicitis when she went to the Springfield emergency department in April 2016.  Both defendants filed answers denying plaintiff's claims.

¶ 3.    In July 2019, Springfield notified the civil division and the parties that it had filed a voluntary petition of bankruptcy in the U.S. Bankruptcy Court for the District of Vermont and that pursuant to § 362(a) of the Bankruptcy Code, plaintiff's claims against it were automatically stayed.   In response, the civil division issued an order dismissing plaintiff's case without prejudice.[1]  The dismissal order stated that any party objecting to the order "shall file its objection within ten days."  It further stated:

> This dismissal is WITHOUT PREJUDICE to the Plaintiff's right to have this order vacated, and the case reopened, if Plaintiff demonstrates any of the following events have occurred:
>
> 1. The Bankruptcy Court has dismissed the bankruptcy case;
>
> 2. Defendant has been denied a discharge;
>
> 3. The debt has been determined to be non-dischargeable;
>
> 4. The bankruptcy court has granted relief from the automatic stay to pursue this claim;
>
> 5. For any other reason Defendant's bankruptcy has not precluded the possibility of Sharond Hill prevailing in this action.
>
> To vacate this Dismissal Order, and reopen the case without charge, Plaintiff must, within thirty (30) days of the date of a Bankruptcy Court action cited in Items 1 through 5 above file with the Clerk a "Request to Vacate Dismissal and Reopen the Case."

Plaintiff did not object to the dismissal or attempt to appeal.

¶ 4.    The civil division held a status conference in September 2020 that was attended by counsel for plaintiff and defendant Emergency Services.  Plaintiff's counsel indicated at the conference that Springfield Hospital may have emerged from bankruptcy and, if not, he might seek relief from the bankruptcy stay.  The court subsequently issued an entry order noting that the action had been dismissed without prejudice in July 2019 in response to the bankruptcy filing by

---

[1] The dismissal order was signed by the superior court docket clerk.  No party argued below or on appeal that this affected the validity of the order or provided an alternative basis for the court to reopen the case.

Springfield and that "[t]he dismissal order sets forth the circumstances under which a party may seek to vacate the dismissal order." Again, no objection to the dismissal order was made.

¶ 5.     The bankruptcy court issued an order closing Springfield's bankruptcy case in July 2021. In October 2021, plaintiff moved to vacate the dismissal and reopen her malpractice case. In her motion, plaintiff asserted that none of the conditions set forth in the dismissal order had technically occurred.   Alternatively, plaintiff argued that even if one of the conditions had occurred, she should be excused for failing to file her motion to reopen within thirty days because she did not receive timely notice of the occurrence from defense counsel.[2] Finally, she argued that her claim against Emergency Services should never have been dismissed because Emergency Services was not part of the bankruptcy proceeding.   Defendants opposed plaintiff's motion, arguing that it was untimely under the plain terms of the dismissal order because she filed it more than thirty days after the bankruptcy case was closed and the automatic stay was lifted.

¶ 6.     In March 2022, the civil division granted plaintiff's motion, stating that it was "persuaded that there was no legal or equitable basis to dismiss the action simply because one of the two defendants filed a bankruptcy petition." The court stated that it had intended to simply stay the action and that dismissal would be unjust.

¶ 7.     Defendants moved for reconsideration, arguing that plaintiff's motion did not satisfy any of the criteria for vacating the dismissal under Vermont Rule of Civil Procedure 60 and there did not appear to be any other legal basis for reopening the case.  Alternatively, they moved for permission to take an interlocutory appeal.   In response, plaintiff argued that the court appropriately vacated the 2019 dismissal order under Rule 60(b)(4) because it was void ab initio. She also suggested that relief was available under Rule 60(b)(6).

_____

[2] The record shows that defense counsel sent plaintiff's counsel a copy of the bankruptcy court's July 7, 2021, order on August 19, 2021.  Plaintiff filed her motion to reopen on October 13, 2021.

¶ 8.      The civil division denied defendants' request for reconsideration, reiterating that it believed the 2019 dismissal order was improper. It reasoned that "[w]hether pursuant to the court's inherent authority to vacate unlawful orders, or pursuant to V.R.C.P. 60(b)(4) or (6), the court is duty bound to vacate the unlawful dismissal order because failure to do so would work a substantial injustice by unlawfully denying" plaintiff's right to seek redress for her alleged injuries. However, the court granted defendants' motion to take an interlocutory appeal because it determined that its order vacating the dismissal order involved a controlling question of law about which there existed substantial ground for difference of opinion, and an immediate appeal could materially advance the termination of the litigation. This Court accepted the appeal. See V.R.A.P. 5(b)(6)(B).

¶ 9.      The question before this Court is whether the civil division had a legal basis to vacate the 2019 dismissal order and permit plaintiff to pursue her claims against defendants.[3] We conclude that it did not, and reverse.

¶ 10.      First, although the trial court did not directly address this point, defendants are correct that plaintiff failed to comply with the terms of the 2019 dismissal order. "[T]he proper interpretation of a previous court order is strictly a question of law that we must determine independently." Youngbluth v. Youngbluth, 2010 VT 40, ¶ 8, 188 Vt. 53, 6 A.3d 677 (quotation omitted). "In interpreting a prior trial-court order, we look first to its plain language." Citimortgage, Inc. v. Dusablon, 2015 VT 68, ¶ 11, 199 Vt. 283, 122 A.3d 1202. The express language of the 2019 dismissal order provided that if the bankruptcy court lifted the automatic stay

---

[3] Plaintiff asserts in her brief that the question certified for appeal by the civil division was the narrower issue of whether it was unlawful for the civil division to dismiss her entire case in response to Springfield's notice of bankruptcy. We disagree; the civil division's decision makes clear that the question for review was whether it had a valid reason to vacate the dismissal. That is the controlling question of law that, if answered in the negative, could materially advance the termination of the litigation. See V.R.A.P. 5(a)(1). As discussed below, we ultimately conclude that the civil division had jurisdiction to enter the dismissal order, meaning that it was not "void" within the meaning of Vermont Rule of Civil Procedure 60(b)(4). Because plaintiff demonstrated no other valid basis to challenge the order two years after it was issued, we ultimately need not determine whether the 2019 order was an erroneous exercise of the court's jurisdiction.

or "[f]or any other reason defendant's bankruptcy has not precluded the possibility of [plaintiff] prevailing in this action," plaintiff had thirty days to move to reopen the case. By law, the bankruptcy court's July 7, 2021, decision closing the bankruptcy case operated to remove the automatic stay, meaning that plaintiff was no longer precluded from pursuing her claim against Springfield. See 11 U.S.C. § 362(c)(2) (providing that automatic stay of litigation against debtor continues until bankruptcy case is closed or dismissed, or discharge is granted or denied, whichever is earliest). Under the plain terms of the dismissal order, plaintiff had thirty days from that date to move to reopen the case. She did not do so until October 13, 2021, more than three months after the bankruptcy case was closed. The order itself therefore did not provide a basis for the court to reopen the case.

¶ 11. Plaintiff argues that the thirty-day time limit only determined whether she would incur additional court fees, and that the order otherwise gave her an absolute right to reopen the case at any time as long as she paid a filing fee. We reject plaintiff's interpretation, which is inconsistent with the order's plain language and general principles of finality in judgments. The more logical construction of the order is that it gave plaintiff two options once the automatic stay was lifted: file a motion to reopen within thirty days, in which case no additional fees would be incurred, or subsequently refile her complaint as a new action and pay the associated fees. The second option was unavailable by the time the bankruptcy proceeding ended because the three-year statute of limitations applicable to plaintiff's claims had elapsed. See 12 V.S.A. § 521. Accordingly, plaintiff had to follow the procedure set forth in the dismissal order or risk having her case be barred.

¶ 12. Having failed to follow that procedure, plaintiff's sole avenue of relief was Vermont Rule of Civil Procedure 60. See Johnston v. Wilkins, 2003 VT 56, ¶ 8, 175 Vt. 567, 830 A.2d 695 (mem.) ("Unappealed final judgments may be disturbed only pursuant to the criteria set forth in V.R.C.P. 60(b)."). The trial court's suggestion that it had some inherent authority

5

independent of Rule 60 to modify or vacate a final judgment was incorrect. As this Court has made clear, "[w]hen adopted in this State, [Rule 60] replaced all existing modes of obtaining relief from a judgment on grounds such as mistake, fraud or newly discovered evidence." Kotz v. Kotz, 134 Vt. 36, 38, 349 A.2d 882, 884 (1975); see also Reporter's Notes, V.R.C.P. 60 ("The rule is intended to provide the sole means of obtaining relief from a judgment after the time for a motion under Rule 59 has run."). The trial court certainly has discretion to revise interlocutory orders prior to judgment. See Dudley v. Snyder, 140 Vt. 129, 131, 436 A.2d 763, 764 (1981) (noting that a court may revise interlocutory order under its plenary powers); V.R.C.P. 54(b). However, once the twenty-eight-day time period set forth in Rule 59 has elapsed, relief is only available if one of the conditions in Rule 60 is satisfied.

¶ 13. Rule 60(b) provides that upon motion, the court may relieve a party from a final judgment for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect,"; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) "any other reason justifying relief from the operation of the judgment." V.R.C.P. 60(b). A Rule 60(b) motion "shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Id. "A motion for relief from judgment under V.R.C.P. 60 is addressed to the discretion of the trial court, and is not subject to appellate review unless it clearly and affirmatively appears from the record that such discretion was withheld or otherwise abused." Pierce v. Vaughan, 2012 VT 5, ¶ 9, 191 Vt. 607, 608, 44 A.3d 758 (mem.).

¶ 14. In this case, plaintiff's motion was filed more than a year after the judgment, so she is not entitled to relief under subdivisions (b)(1), (2), or (3). Id. Thus, even assuming the 2019 dismissal order qualified as a "mistake" within the meaning of Rule 60(b)(1), that provision is of no aid to her. Plaintiff does not claim that she is entitled to relief under subdivision (b)(5), nor

6

does that provision appear to fit the circumstances in this case. See Boisselle v. Boisselle, 162 Vt. 240, 243, 648 A.2d 388, 390 (1994) (explaining that "primary significance of Rule 60(b)(5) is with regard to injunctions"). We accordingly assess whether the trial court could properly grant relief under Rule 60(b)(4) or (b)(6).

¶ 15. Plaintiff argued below that relief was available under Rule 60(b)(4) because the 2019 dismissal order was contrary to law and therefore void when it was entered. The trial court appeared to adopt this reasoning in granting her motion. However, "[i]n the context of a collateral attack, the fact that a judgment is erroneous does not automatically make it void." In re C.L.S., 2020 VT 1, ¶ 17, 211 Vt. 344, 225 A.3d 644. A judgment is void within the meaning of Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Id. (quotation marks omitted) (quoting 11 C. Wright & A. Miller, Federal Practice & Procedure § 2862 (3d ed. 2019)). In C.L.S., parents appealing from the termination of their parental rights after initial disposition argued that the court's adjudication of their son as a child in need of care or supervision and its initial disposition order were void under Rule 60(b)(4) because the adjudication was based on mother's stipulation alone, which violated the juvenile proceedings statute. We rejected this collateral attack because the family division plainly had jurisdiction over the subject matter of the case and the parties, and the record did not support a claim that the court had acted inconsistently with due process when it issued the earlier orders. Id. ¶¶ 18-25.

¶ 16. The same is true here. The civil division had jurisdiction over the parties in this case, all of whom reside or are incorporated in Vermont. It had jurisdiction over the subject matter of plaintiff's tort claim. See Quinlan v. Five-Town Health All., Inc., 2018 VT 53, ¶ 28, 207 Vt. 503, 192 A.3d 390 (explaining that civil division has subject-matter jurisdiction over medical malpractice actions). By extension, it also had jurisdiction, concurrent with the bankruptcy court,

7

to determine the applicability of the automatic stay to plaintiff's case.[4]  See In re Baldwin-United Corp. Litig., 765 F.2d 343, 347 (2d Cir. 1985) ("Whether the stay applies to litigation otherwise within the jurisdiction of a district court or court of appeals is an issue of law within the competence of both the court within which the litigation is pending and the bankruptcy court supervising the reorganization." (citations omitted)); Klass v. Klass, 831 A.2d 1067, 1071 (Md. 2003) (applying same rule to state court proceeding and explaining that "[t]he clearly predominant rule is that jurisdiction is concurrent, and that the court in which the non-bankruptcy case is pending may determine the effect of the stay on that case").

¶ 17.  Plaintiff argues that the dismissal order was unlawful when issued because Springfield's bankruptcy petition and the resulting automatic stay did not require or even permit the dismissal of her claim against Emergency Services, Springfield's nonbankrupt codefendant. For purposes of Rule 60(b)(4), however, an erroneous order is not necessarily void.  "[W]hen a court has jurisdiction over a general category of case, the fact that the court errs in exercising its jurisdiction in a particular case within that general category is generally not sufficient to make the resulting judgment void for lack of subject-matter jurisdiction."  In re C.L.S., 2020 VT 1, ¶ 22. This narrow interpretation of the rule helps promote finality of judgments and encourages parties to raise jurisdictional claims in a timely manner.  Id.  Accordingly, "[u]nless a court has usurped power not accorded to it, its exercise of subject matter jurisdiction is binding in subsequent proceedings as long as the jurisdictional question was litigated and decided or the parties had an opportunity to contest subject-matter jurisdiction but failed to do so."  In re B.C., 169 Vt. 1, 8, 726

---

[4]  We take no position regarding whether a Vermont state court order deciding the effect of an automatic stay under 11 U.S.C. § 362 on a case otherwise within its jurisdiction would be entitled to preclusive effect in bankruptcy court or another federal court pursuant to the Rooker-Feldman doctrine, as that question is not presented in this case.  See In re Gruntz, 202 F.3d 1074, 1083 (9th Cir. 2000) (holding that state court decisions on applicability of automatic stay do not have preclusive effect in federal courts).

A.2d 45, 50 (1999). "This is so even if a party's argument would have succeeded on direct appeal." In re C.L.S., 2020 VT 1, ¶ 23.

¶ 18. Here, plaintiff did not object to the trial court's exercise of subject-matter jurisdiction at the time of dismissal by filing an objection. Nor did she attempt to appeal the dismissal order. For this reason, we need not decide whether it was improper in the first instance for the trial court to dismiss the entire case on its own motion after being notified that one of the defendants had filed a bankruptcy petition. Plaintiff is barred from challenging the order on this basis now because she did not raise her argument in a timely fashion. Id.

¶ 19. Nor does the record reveal a deprivation of due process that might render the 2019 dismissal order void. Due process requires that a party be provided with notice and a meaningful opportunity to object. Agency of Nat. Res. v. Supeno, 2018 VT 30, ¶ 9, 207 Vt. 108, 185 A.3d 1264. Plaintiff does not dispute that she received the dismissal order, as well as the suggestion of bankruptcy that precipitated it. She did not avail herself of the opportunity provided by the trial court to object within ten days or attempt to challenge the validity of the order through an appeal. The dismissal order also provided plaintiff with a clear procedure for reopening the case once the bankruptcy stay was no longer in place, which she failed to follow. Plaintiff contemplated, but apparently did not undertake, action to lift the bankruptcy stay. Because plaintiff had notice and multiple opportunities to object to or remedy the dismissal order, we see no basis to conclude that the order was inconsistent with due process such that it was void for purposes of Rule 60(b)(4).

¶ 20. That leaves only Rule 60(b)(6), the so-called catchall provision, as a potential avenue of relief. Rule 60(b)(6) allows the trial court to relieve a party from a final judgment for any reason beside those set forth in the first five sections of the rule, as long as the request for relief is made within a reasonable time. Although we have stated that this provision "is to be liberally construed," it may not be used to circumvent the one-year time limit for claims of mistake, newly discovered evidence, or fraud. Pierce v. Vaughan, 2012 VT 5, ¶ 10. The rule "does not

9

protect a party from tactical decisions which in retrospect may seem ill advised, nor does it protect against counsel's careless ignorance of the law." Rule v. Tobin, 168 Vt. 166, 174, 719 A.2d 869, 874 (1998) (quotation and citation omitted). Further, it is "not intended to function as a substitute for a timely appeal." Tetreault v. Tetreault, 148 Vt. 448, 451, 535 A.2d 779, 781 (1987).

¶ 21. Plaintiff failed to demonstrate that Rule 60(b)(6) was satisfied here. "Rule 60(b)(6) is intended to accomplish justice in extraordinary situations that warrant the reopening of final judgments after a substantial period of time." Riehle v. Tudhope, 171 Vt. 626, 627, 765 A.2d 885, 887 (2000) (mem.). This case does not present such an extraordinary situation. Assuming without deciding that the court erred in dismissing the entire case in 2019, as opposed to simply staying the claim against the defendant involved in the bankruptcy proceeding, this alleged error was apparent at the time of dismissal. Plaintiff therefore could have objected to or appealed the dismissal order when it was issued. To the extent that she claims that the dismissal order was a legal "mistake," she had a year after it was issued to move to reopen on that basis. See V.R.C.P. 60(b)(1). Having failed to exercise any of these options, she cannot now challenge the validity of that order under Rule 60(b)(6). See Tetreault, 148 Vt. at 451, 535 A.2d at 781.

¶ 22. Furthermore, as previously noted, the dismissal order provided plaintiff with a simple method for reviving her claim: file a request to reopen the case within thirty days after the automatic stay was lifted. Plaintiff asserts that she was prevented from complying with the timeline set forth in the order because defense counsel did not promptly inform her or her counsel when the bankruptcy case was closed. However, plaintiff has not shown that defense counsel had an obligation to keep plaintiff or her counsel updated on the progress of the bankruptcy proceeding. Plaintiff does not explain why she was unable to inform herself of the status of the case, which was a public proceeding that could easily be tracked using the federal court's electronic-case-record system. At the time of the status conference in this case in September 2020, plaintiff's counsel thought the bankruptcy stay may have been lifted and, if not, that he might seek relief from

the bankruptcy court.  We further note that it took plaintiff nearly two months after defense counsel sent her a copy of the bankruptcy court's order to file her motion to reopen.  The record is clear that plaintiff's own lack of diligence, not the 2019 dismissal order or defendants' conduct, is the reason for her situation.  Because plaintiff was "wholly responsible for [her] own predicament," relief under Rule 60(b)(6) was unavailable.  McCleery v. Wally's World, Inc., 2007 VT 140, ¶ 12, 183 Vt. 549, 945 A.2d 841 (mem.) (reversing order granting plaintiffs' Rule 60(b) motion to reopen dismissed negligence action where dismissal was due to plaintiffs' repeated refusal to abide by settlement agreement and court order).  It was therefore an abuse of discretion for the court to grant plaintiff's motion to reopen the case under that subdivision of the rule.  See Spooner v. Town of Topsham, 2010 VT 71, ¶ 7, 188 Vt. 293, 297, 9 A.3d 672 ("When a trial court commits an error of law, it is an abuse of discretion.").  As there exists no other basis for vacating the dismissal order, we must reverse the decision below.

Reversed.

FOR THE COURT:

_____

Associate Justice

11