Filed 04/09/26

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Docket No. S1673-000 Cnc

| In Re: Stephen Aguiar | DECISION ON MOTIONS |
|---|---|

## RULING ON MOTION TO RECONSIDER

This post-conviction relief ("PCR") case came before the Court on January 13, 2026 for a hearing on Petitioner Stephen Aguiar's Motion to Reconsider the denial of Petitioner's 2024 motion to reopen his case following the filing by his court-appointed attorney of a dismissal without prejudice pursuant to Rule 41(a)(1) of the Vermont Rules of Civil Procedure. The State is represented by Deputy State's Attorney Andrew Gilbertson, Esq. and Mr. Aguiar represents himself. Following the hearing, the Court granted the parties time to file post-hearing briefs which were completed on February 5, 2026, and the Court then took the matter under advisement for determination. For the reasons discussed below, Petitioner's motion to reconsider, as well as his motion to reopen the case, are GRANTED.

### Procedural Background

This case has a lengthy and unusual procedural history dating back to December 14, 2000, when Mr. Aguiar filed his PCR petition. The convictions/sentences he challenged occurred in 1987. At that time, Aguiar was incarcerated in a Vermont state prison and his court-appointed attorney, Dawn Seibert, Esq., informed him by letter (later filed with the Court by Aguiar) that she did not believe there was a basis for his petition. She told him that she would withdraw so that Aguiar could represent himself if he wanted to proceed with his case. Seibert filed a Voluntary Dismissal Notice on August 29, 2001, before Aguiar was able to inform Seibert that he wanted to proceed on his own. The notice stated that the dismissal was "without prejudice."

At some point, Aguiar was relocated to a prison in Massachusetts. He sent a letter to the Court in October 2001 stating that his attorney "circumvented [his] rights and [he] never did any such thing to request [his] motion to be dismissed." After receiving this letter, the Court issued an Order to Show Cause in February 2002, but court staff mailed the order to Aguiar at the Vermont prison where he had been housed before being relocated to Massachusetts. As a result, Aguiar never received the Order.

Nothing further occurred in the case for over twenty years. Then in May 2024, Aguiar filed a motion to reopen his PCR action. He sought permission to amend and modify his petition based on events that occurred after he first filed his petition in 2000.[1] In an Entry re Motion, dated May 24, 2024, the Court indicated that it was treating the motion as one brought pursuant to Rules 59 and 60, and gave the State time to respond. The State opposed the motion, arguing that Aguiar was not entitled to relief under Rule 59 or Rule 60. In an Entry dated July 19, 2024, the Court denied the motion to reopen, stating: "Even if Mr. Aguiar did not receive notice that his case was finally dismissed, it was not reasonable to wait twenty years to raise the issue." Aguiar appealed the denial of his motion to the Vermont Supreme Court. In 2025, after the appeal was docketed, the parties jointly moved for the case to be remanded to the Superior Court for the limited purpose of deciding a motion for reconsideration. The Supreme Court granted the motion and directed one of the parties to file a motion for reconsideration within thirty days of its order.

Aguiar complied and filed a motion for reconsideration in October 2025. In his motion, Aguiar describes a head injury he suffered as a small child and explains that he was not diagnosed with suffering from a traumatic brain injury until 2010. He asserts that his "traumatic brain injury provided prima facie evidence that [his] untreated mental health disorders and traumatic brain injury significantly impaired his cognitive abilities, particularly reasoning and judgment, impulse control, and the ability to appreciate the consequences of his actions." Mot. to Reconsider at 1-2. In his initial filing in 2000, Aguiar identified two state convictions he was challenging. In his motion for reconsideration, Aguiar identifies one or more other state convictions he wants to add to his PCR petition. Although he is no longer in state custody under sentence for those crimes, Aguiar contends that the state convictions he wants to challenge were used to increase sentences he received in federal court following convictions for federal drug crimes, which sentences he is still serving, and which Aguiar asserts allows him to maintain his PCR action. *Id*. at 4-7. [2]

In response to Aguiar's motion, the State argues that the 2024 motion to reopen was properly denied because the PCR action is a "closed matter" due to the filing of the Rule 41(a)(1) voluntary dismissal by Aguiar's attorney, and it cannot be reopened under the Vermont Rules of Civil Procedure. Resp. to Mot. to Reconsider at 4.

Discussion

The initial issue before this Court is whether it should reconsider its July 2024 decision denying Petitioner's motion to reopen his PCR case. The statute governing post-conviction relief

---

[1] Aguiar styled the 2024 motion as "Combined Motion for a Status Conference to Respond to Order to Show Cause; Motion to Expand and Amend Petition; and Motion to Expand the Court's Record."

[2] *See* 13 V.S.A. § 7131 ("A prisoner who is in custody under sentence of a court . . . may at any time move the Superior Court of the county where the sentence was imposed to vacate, set aside or correct the sentence."); *State v. Sinclair*, 2012 VT 47, ¶ 18, 191 Vt. 489 ("[A]lthough defendant is no longer serving his 1993 sentence, his allegation that the 1993 sentence is being used to enhance a current federal sentence puts him within the ambit of our PCR statute.").

is not subject to a statute of limitations. *See* 13 V.S.A. § 7131 (stating prisoner "may at any time" move for a sentence to be vacated, set aside, or corrected). Thus, there is no question that Aguiar is entitled to file a new PCR action because the Notice of Dismissal that Attorney Seibert filed was "without prejudice." *See* V.R.C.P. 41(a)(6) (voluntary notice of dismissal is without prejudice and is not "adjudication upon the merits" unless plaintiff has already filed earlier notice of voluntary dismissal with regard to same claim(s)). Rather, if the Court grants reconsideration, it must then determine whether Aguiar should be permitted to reopen the case that was voluntarily dismissed allegedly against his wishes, or whether he must file a new PCR case.[3]

The standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In denying Aguiar's motion to reopen in 2024, the Court adopted the State's arguments that Aguiar was not entitled to relief under Rules 59(e) or 60(b). In opposing Aguiar's motion to reopen pursuant to Rule 59(e), the State pointed out such motions must be filed "not later than 28 days after entry of the judgment." *See* V.R.C.P. 59(e); *Hill v. Springfield Hosp.*, 2023 VT 23, ¶ 12, 218 Vt. 64 ("[O]nce the twenty-eight-day time period set forth in Rule 59 has elapsed, relief is only available if one of the conditions in Rule 60 is satisfied.").

Putting aside whether the voluntary dismissal can properly be considered a "judgment" to which Rule 59(e) can apply, Aguiar clearly has not complied with the 28-day time limit. He did not file his motion to reopen for over twenty years after his PCR case was voluntarily dismissed. Thus, the Court denies Aguiar's motion to reconsider the court's decision denying his motion to reopen to the extent it is based on Rule 59(e) and need not address whether the dismissal constitutes a "judgment" for purposes of the rule. *See Fed. Nat'l Mortg. Ass'n v. Johnston*, 2018 VT 51, ¶¶ 6-7, 9, 207 Vt. 473 (filing Rule 41(a)(1) dismissal without prejudice terminates action without further action by court, and court lacks authority to consider party's subsequent request to dismiss case on other grounds pursuant to Rule 59(e)); *see also Am. Soccer Co., Inc. v. Score First Enters.*, 187 F.3d 1108, 1112 (9th Cir. 1999) ("[B]ecause neither the answer nor a motion for summary judgment was served on American Soccer before it voluntarily dismissed its suit, under Rule 41(a)(1)(i) the voluntary dismissal took effect without court order and could not be vacated by the district court.").

Rule 60(b), however, requires a different analysis. That rule provides as follows:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether

---

[3] Although an attorney has no authority to dismiss a client's case with prejudice without the client's permission, "there is no such limitation on the authority of counsel to enter a voluntary dismissal of an action without prejudice." *In re J.H.*, 144 Vt. 1, 4-5, 470 A.2d 1182, 1184 (1983).

3

heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

V.R.C.P. 60(b).

"The hallmark of Rule 60(b) intervention is the prevention of hardship or injustice." *Brandt v. Menard*, 2020 VT 61, ¶ 5, 212 Vt. 547 (quoting *Rule v. Tobin*, 168 Vt. 166, 174, 719 A.2d 859, 874 (1998)). The rule is to "liberally construed." *Id*. (quotation omitted). "A motion for relief from judgment under V.R.C.P. 60 is addressed to the discretion of the trial court and is not subject to appellate review unless it clearly and affirmatively appears from the record that such discretion was withheld or otherwise abused." *Hill*, 2023 VT 23, ¶ 13 (quotation omitted). In *Brandt*, the Vermont Supreme Court held that Rule 60(b) allows a trial court to consider "in rare exceptional circumstances" whether it should vacate and re-enter judgment to allow a delayed appeal to be filed where the appellant failed to receive timely notice of the judgment at issue. *Brandt*, 2020 VT 61, ¶ 9. Circumstances that might qualify as "extraordinary" include such things as "whether the court clerk provided notice," "whether the party had actual notice," whether granting the relief sought would "create prejudice to the other party," whether the moving party "acted diligently after receiving actual notice," and "other extraordinary, compelling, or unique circumstances." *Id*. (quotation omitted).

Motions filed pursuant to Rule 60(b)(1), (2), or (3) must be filed within one year following the judgment, order, or proceeding at issue, but motions filed pursuant to the other subsections "shall be filed within a reasonable time." V.R.C.P. 60(b). Subsections (4) and (5) clearly do not apply to the facts here, which leaves subsection (6). Rule 60(b)(6) has been referred to as a "catch-all provision" that allows a trial court to relieve a party from a final judgment, order, or proceeding for any reason not set forth in subsections (1)-(5), "as long as the request for relief is made within a reasonable time." *Hill*, 2023 VT 23, ¶ 20. It is "intended to accomplish justice in extraordinary situations that warrant the reopening of final [proceedings] after a substantial period of time." *Id*. ¶ 21 (quoting *Riehle v. Tudhope*, 171 Vt. 626, 627, 765 A.2d 885, 887 (2000)); *see also Aerie Point Holdings, LLC v. Vorsteveld Farm, LLC*, 2024 VT 29, ¶ 12 (Rule 60(b)(6) relief "may be granted only in extraordinary circumstances to prevent hardship or injustice" and "should be liberally construed" (citations omitted)).

As noted above, the State argues, without citation to any caselaw, that "the Rules of Civil Procedure do not provide for the reopening of a voluntarily dismissed matter." Resp. to Mot. to Reconsider at 5. Fortunately, the United States Supreme Court has recently addressed whether a Rule 41(a) voluntary dismissal without prejudice constitutes a "final judgment, order, or proceeding" for purposes of Rule 60(b). *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S.

305, 310 (2025).[4]  In *Waetzig*, the plaintiff voluntarily dismissed his case against the defendant to arbitrate the dispute, but after losing before the arbitrator, the plaintiff returned to the trial court and sought to reopen his case rather than file a new action.  *Id*. at 308.  The Court recognized that Rule 60 "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done."  *Id*. at 309 (quoting 11 C. Wright, A. Miller, & M. Kane, *Fed. Prac. & Proc.: Civil* § 2851 (3d ed. 2012)).

First, the *Waetzig* Court found that a voluntary dismissal without prejudice is "final" for purposes of Rule 60(b): "The dismissal is the 'conclusive' and 'last' filing on the docket, and it 'complete[s]' the particular lawsuit at issue."  *Id*. at 312 (quoting Black's Law Dictionary, final order (3d ed. 1933).  A voluntary dismissal without prejudice thus "terminates the case and strips a court of its equitable power to revise its earlier rulings."  *Id*. at 313.  Having determined that a voluntary dismissal is final, the *Waetzig* Court next found that "the term 'proceeding' encompasses all steps taken in the action, including a voluntary dismissal without prejudice."  *Id*. at 318.  Thus, the Court held that "[w]hen the requirements of Rule 60(b) are satisfied, a [trial] court may relieve a party from such a dismissal and reopen the case."  *Id*. at 319.

The *Waetzig* decision holding that Rule 60(b) permits a trial court to relieve a party from the effects of a Rule 41(a) voluntary dismissal without prejudice by reopening the case was issued after the trial court denied Aguiar's motion to reopen his PCR case in 2024.  Although the *Waetzig* decision technically is not controlling on the courts in Vermont, it provides extremely persuasive authority and may have led this Court to reach a different outcome had it been issued before the 2024 denial.  *See Waetzig*, 604 U.S. at 309-10 (recognizing inconsistent decisions among circuit courts, Supreme Court granted certiorari "to decide whether a Rule 41(a) dismissal without prejudice is a 'final judgment, order, or proceeding' under Rule 60(b)").  Accordingly, the Court concludes that reconsideration of its 2024 denial of the motion to reopen is appropriate.[5]

In asserting that Aguiar was not entitled to relief under Rule 60(b)(6) in 2024, the State argued that the motion to reopen was filed too many years after the voluntary dismissal was filed and that denying the motion did not prevent Aguiar from pursuing his claims in any event because he was entitled to refile his PCR action at any time.  Opp. at 3, filed June 6, 2024.  As Aguiar explains in his papers, however, he did not know the status of his PCR case following Ms. Siebert's filing of his voluntary dismissal because he had been relocated to a facility in Massachusetts and the Court's Order to Show Cause was sent to his prior Vermont address, despite the fact that he listed his return address in Massachusetts in his letters inquiring into the status of his case and informing the Court that he did not authorize its dismissal.  In reply to the State's opposition to his motion to reopen, Aguiar states that he only recently learned that an attorney appointed to represent him in some of the state criminal cases he is seeking to challenge

---

[4] Vermont's Rule 41 is similar to the federal rule, and Vermont courts look to federal cases interpreting similar rules for guidance.  *See, e.g.*, *Johnston*, 2018 VT 51, ¶ 7 (citing *State v. Amidon*, 2008 VT 122, ¶ 16, 185 Vt. 1; Reporter's Notes, V.R.C.P. 41).

[5] In addition, at oral argument in January 2026, the parties stipulated that the Court should grant the motion to reconsider, although they disagreed as to whether the Court should then grant Petitioner's 2024 motion to reopen.

had a conflict of interest, which he contends provides additional factual support for his PCR case.

During the January 2026 hearing on the motion for reconsideration, Aguiar represented to the Court that his efforts in federal court to seek reduction of his federal sentences depend on this case being reopened rather than starting anew. Because Aguiar would be able to refile his PCR case at any time, the State is not prejudiced by allowing him to reopen this case, as opposed to requiring him to file a new action.[6] Due to the unusual circumstances present here, including the extended delay Aguiar experienced in determining the status of his case, the Vermont Supreme Court's limited remand to give the parties the opportunity to seek reconsideration of this Court's 2024 decision denying the motion to reopen, the U.S. Supreme Court's recent *Waetzig* decision clarifying the availability of Rule 60(b) relief in cases of Rule 41 voluntary dismissals, and the fact that Aguiar did not delay seeking relief under Rule 60(b)(6) for tactical reasons, the Court concludes that any injustice and hardship to Aguiar are best avoided by granting the motion to reconsider and reopening the PCR action to allow him to amend the initial PCR petition as he requests. *See, e.g.*, *Penland v. Warren*, 2018 VT 70, ¶ 7, 208 Vt. 15 (Rule 60(b)(6) "does not protect a party from tactical decisions which in retrospect may seem ill advised" (quotation omitted)).

Order

For the foregoing reasons, Petitioner's Motion to Reconsider (Mot. #5) and Motion to Reopen (Mot. #1) are GRANTED. Petitioner's "Supplemental Motion in Support of Motion to Reconsider," filed on Jan. 26, 2026, (Mot. #7) is MOOT.

In addition to the parties, a copy of this Decision shall be sent to the Prisoner's Rights Office. If PRO believes they have a conflict in representing Mr. Aguiar in the now-reopened PCR case, they shall promptly assign conflict counsel.

This matter shall be set for a status conference within 30 days or after counsel files a Notice of Appearance for Petitioner, whichever is earlier, to discuss the deadline for filing an amended petition, dispositive motions, and other elements of a discovery schedule, and other next steps.

Electronically signed on April 8, 2026 at 4:43 PM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge

---

[6] Moreover, in light of *Waetzig*, the Court rejects the State's argument that Petitioner cannot seek to reopen this action under Rule 60(b) because it was voluntarily dismissed pursuant to Rule 41(a)(1).